Dudley v. Batten

---

VAUGHN, Judge.

---

ANTHONY DUDLEY, ADMINISTRATOR OF THE ESTATE OF FLOSSIE PHILLIPS, DECEASED v. LARRY JAMES BATTEN

No. 703SC546

(Filed 16 December 1970)

1. Appeal and Error § 49; Automobiles § 45— automobile accident case — harmless error

Where it had already been stipulated that the defendant was driving the car that hit and killed the deceased, plaintiff could not be prejudiced by exclusion of his witness' testimony that the defendant's car hit the deceased.

2. Automobiles § 50— accident case — sufficiency of evidence

Plaintiff's evidence in an automobile case was sufficient to go to the jury, and the trial court erred in directing a verdict for the defendant.

APPEAL by plaintiff from *Ragsdale, Special Superior Court Judge,* 25 May 1970 Session PITT County Superior Court.

Plaintiff brought this action seeking to recover damages for the death of plaintiff's intestate allegedly caused by the negligence of the defendant. Plaintiff's intestate was killed when struck by defendant's automobile. At the time she was either standing or walking in a westerly direction and she was either on the southern shoulder or on the southerly hard surface of paved Highway #102 approximately one mile west of Ayden, North Carolina. Plaintiff alleged that the defendant was negligent in that he drove his automobile at an excessive rate of speed, failed to keep a proper lookout, and failed to maintain proper control of his automobile.

At the close of plaintiff's evidence, the trial judge granted a directed verdict for the defendant and the plaintiff appeals to this Court.

*Richard Powell and Samuel S. Mitchell for plaintiff appellant.*

*Gaylord and Singleton by L. W. Gaylord, Jr., and James C. Mills for defendant appellee.*

CAMPBELL, Judge.

[1]  Plaintiff first assigns as error the exclusion of certain testimony by Willie Best, one of plaintiff's witnesses, as to what his wife said as the accident occurred. While the substance of what the testimony would have been is not properly in the record, it appears that it would have been to the effect that the defendant's car hit the deceased. As it had already been stipulated that the defendant was driving the car that hit and killed the deceased, the exclusion of this testimony could not have been prejudicial if it were, in fact, improperly excluded. Plaintiff's first assignment of error is overruled.

[2]  Plaintiff next assigns as error the granting of the directed verdict in favor of the defendant. Two of plaintiff's witnesses testified that the car of the defendant "ducked" off the road and hit the deceased. The highway patrolman, a witness for plaintiff, who investigated the accident testified that there were no skid marks or tire tracks on the shoulder of the road

and that there were chips of paint approximately two feet in from the shoulder on the pavement. The chips of paint were not identified as being from the automobile involved. He testified, without objection, that he calculated that the point of impact was two feet onto the pavement.

The conflict between the eyewitnesses' and the patrolman's opinion did not take the case from the twelve fact finders.

New trial.

Judges BRITT and HEDRICK concur.